UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TARZ MITCHELL,<br><br>               *Plaintiff*,<br>vs.<br><br>BRIAN WILLIAMS, *et al.*,<br><br>               *Defendants*. | Case No. 2:13-cv-02339-APG-VCF<br><br>**ORDER** |

This *pro se* prisoner civil rights action by a Nevada state inmate comes before the Court for initial review of the complaint under 28 U.S.C. § 1915A. The Court defers action on the pauper application at this time.

*Screening Standard*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009). That is, conclusory assertions that constitute merely formulaic recitations of the elements of

a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 . . . (brackets omitted).
>
> . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### *Discussion*

Plaintiff Tarz Mitchell seeks to present claims for damages and injunctive relief against an uncertain number of state corrections department employees in their individual and official capacity.[1]

In Count I, plaintiff alleges that he was denied rights under, *inter alia*, the First Amendment as well as the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment. He alleges that he was retaliated against for filing grievances and civil suits. He alleges that certain officials engaged in a retaliatory campaign where a false notice of charges was filed, he was placed in

---

[1] Plaintiff includes twelve defendants in the caption, then lists only four defendants in the list of defendants, and thereafter refers to additional unlisted defendants in the body of the complaint. Plaintiff subsequently filed a purported addendum – separate and apart from a pleading – that lists eight defendants, but two of those defendants were listed in the original pleading. Two of the defendants in the caption are in neither list. The Court does not tarry over the point further in the current order because: (a) the complaint presents a number of deficient claims in any event; and (b) if plaintiff files an amended complaint, he will be required to both list all defendants sued in the defendant list in the pleading and state each defendant's individual involvement in the alleged violations within the body of the counts.

administrative segregation for 33 days, and he then was transferred to a maximum security prison after the charges were dismissed. Plaintiff alleges therein:

> Because the Plaintiff was thrown in the hole [administrative segregation] and retaliated against Plaintiff lost his job and wages, days of work credits which is a liberty interest as the loss of work credits will keep the Plaintiff in prison longer. . . . .

Doc. #1-1, at electronic docketing page 4.

In Count II, plaintiff alleges that he was denied rights to be free from cruel and unusual punishment under the Eighth Amendment, to equal treatment under the Equal Protection Clause, and to be free from retaliation under the First Amendment.

Plaintiff alleges a number of distinct constitutional violations within Count II.

First, plaintiff alleges that certain officials have adopted a policy requiring prisoners at High Desert State Prison ("High Desert") to advance through a classification level system that involves the loss of work days while, in contrast, protective custody prisoners instead are not under a level system and receive their work days automatically. Plaintiff alleges that he "and all general population inmates have lost work days which is a liberty interest which keeps them in prison longer . . . ." Doc. #1-1, at electronic docketing page 5.

Second, plaintiff alleges that certain officials retaliate against level 1 and 2 inmates by having their officers write notices of charges against the inmates so that the level system can "rotate" – allowing level 3 inmates and new arrivals an opportunity for level advancement. Plaintiff alleges that the system is unconstitutional because the protective custody inmates, who receive work credits automatically, are not subjected to the level system, such that there is "discrimination."

Third, plaintiff alleges that he and general population inmates at levels 3 and 4 must live in unsanitary conditions that endanger health and safety because the prison sets the toilets to flush every twenty minutes. Plaintiff alleges that prisoners are forced to live in a cell twenty hours a day in a lockdown environment with the stench of urine and feces and calcium buildup of bacteria in the toilet, in a circumstance where other inmates have allegedly airborne diseases such as hepatitis. Plaintiff additionally alleges that inmates must eat in their cells in low lighting in these unsanitary alleged conditions.

Fourth, plaintiff alleges that certain officials use level 3 and 4 to punish inmates who write grievances by using a level demotion "since protective custody prisoners do not have a level system and receive their work days plaintiff and all general population prisoners . . . are not able to obtain a job." Doc. #1-1, at electronic docketing page 6.

In Count III, plaintiff alleges that officials have been deliberately indifferent to a serious medical need in violation of the Eighth Amendment. He alleges that Dr. Sanchez told him in 2000 that there was no need to remove an allegedly cancerous cyst on his back at that time but that he would do so if it became larger and started causing pain. Plaintiff alleges that Dr. Sanchez since has refused to remove the cyst after it became larger and started causing constant pain. Mitchell alleges that Nevada Department of Corrections ("NDOC") Medical Director Robert Bannister and NDOC Medical Staffer Cheryl Dressler have refused to address the matter in response to his grievances.

In Count IV, plaintiff alleges that he was retaliated against for the exercise of his First Amendment rights. He alleges that certain officials at Southern Desert Correctional Center ("Southern Desert") – at which he no longer is housed – retaliated against him for filing grievances by placing him in administrative segregation; filing notices of charges against him; harassing him by tossing his property around, damaging his property, and discarding his property; and forcing him to waive a grievance in order to be released from administrative segregation.

In his prayer for relief, plaintiff seeks, *inter alia*, a court order abolishing the "loss of all work days."

At the outset, on each and every claim alleged, plaintiff must do more than conclusorily list a number of officials in a claim in order to state a claim for relief against each one individually. He instead must allege what each defendant did individually to cause the violation. That is, the Court must be able "to infer more than the mere possibility of misconduct" as to each defendant named. This holds especially true with regard to supervisory officials. There is no *respondeat superior* liability under § 1983. A supervisor may be held liable in his or her individual capacity only if the officer either was personally involved in the constitutional deprivation or a sufficient causal connection existed between the officer's unlawful conduct and the constitutional violation. *See, e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001). Plaintiff's "laundry list" of defendants in his claims – other than

in Count III – fails to allege how each defendant was personally involved in the violation or how there otherwise was a sufficient causal connection to his or her conduct.

Further, plaintiff cannot recover monetary damages from the defendants in their official capacity. First, claims for monetary damages from the individual defendants in their official capacity are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10(1989).

Turning to the particular claims, Count I is not cognizable in a federal civil rights action. When a § 1983 plaintiff presents claims that necessarily challenge the continuing validity of either the fact or duration of his confinement, then his claims are not cognizable in a civil rights action no matter the relief sought or the target of the claims, so long as the claims necessarily imply the invalidity of the confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Heck v. Humphrey*, 512 U.S. 477 (1994). A civil rights plaintiff presenting claims that necessarily imply the invalidity of his confinement or the duration thereof first must establish that the confinement or lengthened duration has been declared invalid by a state tribunal authorized to make such a determination, expunged by executive order, or called into question by the grant of a federal writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Plaintiff alleges that the alleged violations caused "the loss of work credits [which] will keep the Plaintiff in prison longer." The Court notes in this regard that the sentence credits were not allegedly lost as the result of a disciplinary conviction but instead – under plaintiff's theory of the case as to the harm allegedly sustained from the alleged violation – were lost due to placing plaintiff in administrative segregation initially. Plaintiff cannot pursue claims necessarily challenging this alleged lengthening of the duration of his confinement in the first instance in a federal civil rights action. The claims in Count I therefore are *Heck*-barred.[2]

////

---

[2] The Court does not imply that plaintiff's theory of the case otherwise is viable. It suffices to say at this point – absent a prior declaration of the invalidity of the claimed resulting loss of work sentence credit – simply that plaintiff's claim under this theory of the case is not cognizable under *Heck*.

On Count II, for substantially the same reason, the first, second, and fourth constitutional violations outlined above as to Count II also are *Heck*-barred as alleged.

The third constitutional violation alleged in Count II – regarding the allegedly unsanitary conditions in the cells – does not state a claim for relief under the Eighth Amendment. This Court held as to similar allegations in another case:

> In the complaint, plaintiff . . . asserts federal constitutional claims challenging the use of a timer on cell toilets that restrict the toilet to being flushed in a two-man cell only once within a twenty-minute period. Plaintiff alleges that prison officials state that they installed the flush timers because inmates in Units 1 through 8 of High Desert State Prison ("High Desert") had been wasting water. Plaintiff maintains that the flush timer requires that he live and eat in the cell with standing human waste and that human waste splashes on him when he uses the toilet because of the flush timer.
>
> In Count I, plaintiff alleges that the use of the flush timer constitutes cruel and unusual punishment in violation of the Eighth Amendment. . . . .
>
> Count I fails to state a claim upon which relief may be granted.
>
> Plaintiff proceeds on the premise that he is being exposed to human waste in violation of the Eighth Amendment. Exposure to human waste indisputably can give rise to an Eighth Amendment violation, and subjecting a prisoner to a lack of sanitation that is severe or prolonged can constitute cruel and unusual punishment. *See, e.g., Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995). Obviously, if an inmate were placed in a bare cell and required to sleep, eat and live on an floor covered with wall-to-wall excrement, even for a short duration, he would be subjected to an Eighth Amendment violation.
>
> Such is not the case here, however. Plaintiff is in a cell with a functioning toilet but with the restriction that it may be flushed only once within a twenty-minute period. Every court that has considered an Eighth Amendment claim based upon a similar such restriction has rejected the claim. *See, e.g., Barbosa v. McCann*, 2011 WL 4062469, slip op. at 5 (N.D. Ill. 2011)(collecting cases). Plaintiff maintains that he is being subjected to human waste splashing on him because of the flush timer. There are myriad situations in the free world where an adult might have to wait as much as twenty minutes, or more, to use a restroom facility. An implicit requirement that an inmate occasionally might have to wait as much as twenty minutes to be able to use a clear toilet does not constitute cruel and unusual punishment. Nor does a circumstance where a cell toilet otherwise occasionally might contain human waste for up to twenty minutes constitute cruel and unusual punishment.

*Harris v. Cox*, Case No. 2:12-cv-00603-GMN-RJJ, #4, at 3-4 (D. Nev. April 20, 2012)(footnote omitted); *accord Murillo v. MacDonald*, 536 Fed.Appx. 753 (9th Cir. Aug. 5, 2013)("the short-term

deprivation of bathroom facilities, without more, is not sufficiently grave to form the basis of an Eighth Amendment violation").

Count II therefore does not state a claim as to any alleged constitutional violation therein.

Count III states a claim for relief under the Eighth Amendment for alleged deliberate indifference to a serious medical need. However, Count III does not state a claim for relief under the Eighth Amendment to the limited extent that plaintiff bases the claim on an allegation that the defendants "should have known" of a serious medical need. In order to state a claim for relief under the Eighth Amendment for deliberate indifference to a serious medical need, the plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *See, e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must show that the official was "(a) subjectively aware of the serious medical need and (b) failed adequately to respond." *Id.*, (quoting prior authority, with emphasis in original). However, medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference to a serious medical need under the Eighth Amendment. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds, WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989). Thus, while Count III in the main states a claim under the Eighth Amendment, it does not state a claim to the extent that it seeks recovery under a negligence standard based upon an allegation of what defendants allegedly "should have known."

Count IV, read liberally, in the abstract states a claim upon which relief may be granted under the First Amendment. However, the count fails to allege the specific individual involvement of each of the defendants named in the count. Plaintiff, again, may not simply include a "laundry list" of defendants. He instead must present actual factual allegations tending to establish involvement by each defendant in the alleged violation. Moreover, on this claim as well, plaintiff may not establish liability under § 1983 premised upon a negligence standard based upon an allegation as to what the defendants "should have known." *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834-36 (1994); *Daniels v. Williams*,

474 U.S. 327 (1986); *Sorrells v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002). Finally, plaintiff states no claim for relief in Count IV under 42 U.S.C. § 1986 for a conspiracy. A cause of action does not arise under 42 U.S.C. § 1986 absent a valid claim for relief under 42 U.S.C. § 1985. *See Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir.1985). Count IV fails to state a claim under § 1985 because plaintiff did not allege facts showing class-based invidious discrimination. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Nor does Count IV present non-conclusory allegations of actual fact establishing any conspiracy.

The Court will dismiss the deficient claims in the complaint, subject to an opportunity to amend. If plaintiff files an amended complaint, he should note the following.

First, plaintiff must allege the operative factual allegations for his claims in the body of the counts themselves. In the "Nature of the Case" portion of the complaint form, plaintiff should present only a brief summary of his claims, with the facts then alleged within the counts themselves.

Second, plaintiff must present only one constitutional violation per count. For example, claims based upon an allegedly unconstitutional classification system should not be combined with a claim regarding an alleged unsanitary living condition. If plaintiff files an amended complaint in response to this order that combines more than one constitutional violation in a single count, the Court will consider only the first constitutional violation alleged and will disregard all remaining alleged incidents. Plaintiff must follow the instructions for the complaint form and the orders of the Court.

Third, under Local Rule LR 15-1, each amended complaint must be complete in itself as a stand-alone filing. Plaintiff may not present piecemeal amendments, supplements and/or addenda that do not constitute a complete, stand-alone pleading.

**IT THEREFORE IS ORDERED** that the Clerk of Court shall file the complaint and that the following claims are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, subject to an opportunity to amend: (a) Counts I, II and IV in their entirety; (b) Count III only to the extent that the claim is based upon an allegation that defendants "should have known" of his medical need; and (c) all claims against all defendants in their official capacity for monetary damages rather than equitable relief. The dismissal leaves only defendants Sanchez, Dressler, and Bannister currently before the Court, on the claims that remain in Count III.

**IT FURTHER IS ORDERED** that plaintiff shall have **thirty (30) days** from entry of this order to mail an amended complaint to the Clerk for filing that corrects the deficiencies in the complaint, to the extent possible. If plaintiff does not timely mail an amended complaint to the Clerk for filing that corrects the deficiencies identified herein, the action will proceed forward only on the claims remaining before the Court.

**IT FURTHER IS ORDERED** that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **2:13-cv-02339-APG-VCF**, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

The Clerk shall SEND plaintiff a copy of the original complaint and addendum that he submitted together with two copies of a § 1983 complaint form and one copy of the instructions for same.

Dated:   May 29, 2014.

_____
ANDREW P. GORDON
United States District Judge